UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| VIRGIN MOBILE USA LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-01105-SEB-DKL |
| | ) | |
| MEMBERS OF THE INDIANA | ) | |
| STATEWIDE 911 BOARD IN THEIR | ) | |
| OFFICIAL CAPACITY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S
MOTION FOR A PRELIMINARY INJUNCTION**

This matter comes before us on Plaintiff Virgin Mobile USA LP's ("Virgin Mobile") Motion for Preliminary Injunction. [Dkt. No. 7.] The motion has been fully briefed by the parties and argued on October 20, 2015, after which the parties filed supplemental briefing. Having considered the parties' memoranda, evidence, and oral argument, we DENY the Motion for Preliminary Injunction WITHOUT PREJUDICE for the following reasons.

The case involves issues relating to the interpretation and application of Indiana Code § 36-8-16.6-11, which imposes on telecommunications services fees necessary to fund Indiana's statewide 911 operations ("911 Fund Law"). Virgin Mobile, as with many other wireless telephone carriers, provides Lifeline telephone services. The Lifeline Program incents telephone carriers to make low or no cost telephone services available to all citizens, particularly the elderly, poor, and disabled who might not otherwise be able to

afford such services.  Those services are subsidized in part by the federal Universal Service Fund established by 47 C.F.R. § 54.403.  Virgin Mobile contends that the requirements of Indiana's 911 Fund Law make Virgin Mobile liable for two fees, to wit, a $1.00 per month Lifeline subscriber fee for each month a customer has received service in the past under their current service agreement as of July 2015 ("retroactive surcharges" or "Lump-Sum charge") and a fee of $1.00 per month per Lifeline customer going forward beginning September 1, 2015 ("prospective surcharges").  According to Virgin Mobile, the fees required under the Indiana 911 Fund Law are necessarily paid from the federal Universal Service Fund, monies which are restricted to the exclusive use of funding Lifeline services. Virgin Mobile contends that Indiana's 911 Fund Law is preempted by federal law and violates the Equal Protection Clause of the United States Constitution.

On July 15, 2015, Virgin Mobile moved to enjoin the implementation and enforcement of the Indiana 911 Fund Law amendments enacted in July 2015.  That amended 911 Fund Law, says Virgin Mobile, imposes retroactive and prospective surcharges on providers of Lifeline services and illegally interferes with the purpose of the Lifeline services established by Congress.  Virgin Mobile requests that we "enjoin Defendants . . . from implementing and enforcing changes made by Public Law 157-2015 to the Indiana Enhanced Prepaid Wireless Telecommunications Service Charge Act, Ind. Code § 36-8-16.6-11 . . ., which became effective July 1, 2015."  [Dkt. No. 7.]

The familiar requirements for obtaining a preliminary injunction direct a party to show that it: (1) has a reasonable likelihood of success on the merits; (2) lacks an adequate remedy at law; and (3) will suffer irreparable harm if the preliminary injunction is not

awarded. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). The goal of a preliminary injunction is to preserve the status quo. It is clear that absent irreparable harm, no necessity for a preliminary injunction exists.

Virgin Mobile's motion for preliminary injunction seeks to prevent the 911 Board from implementing and enforcing the amended 911 Fund Law. Virgin Mobile's counsel informed the Court at the October 20, 2015 hearing that Defendants have agreed to maintain the status quo, explaining:

> Mr. Kelly: Your Honor, the parties by agreement, shortly after we filed the motion for preliminary injunction, . . . stipulat[ed] that Virgin Mobile didn't have to make the payment, what's been referred to as a lump sum or retroactive payment, that was due on August 1st.
>
> The payment obligation's stayed by agreement *pending the Court's resolution of the case*, and then the monthly payment is also stayed pending the Court's resolution of our issues.
>
> Court: Okay.
>
> Mr. Kelly: So as a far as – the status quo is that Virgin Mobile has not made those payments, and there's a stipulation that we don't have to *until some period of time has come to run after the judgment*.

[Dkt. No. 49 (Tr. at 13-14 (argument by Henry T. Kelly, counsel for Virgin Mobile)) (emphasis added).] The court confirmed the parties' agreement near the end of the hearing. [Tr. at 88-89 ("The parties have reached their own status quo agreement. The State has

3

agreed to forego the enforcement of this statute until the Court rules.").][1]   No court intervention is necessary to preliminarily order that which the parties have voluntarily agreed to do on their own.

Virgin Mobile argues that "[f]urther delay will prejudice Virgin Mobile notwithstanding the parties' standstill agreement, as the potential liability if Amended Section 11 is implemented grows with each month that passes, increasing Virgin Mobile's risk if it does not prevail on its Motion.  To determine whether or not it will exit the market, Virgin Mobile requires certainty as to the scope of liability it is incurring on a monthly basis as soon as possible."  [Dkt. No. 58 at 2.]  "The case law is replete with examples of courts finding no irreparable harm despite the allegation of a constitutional violation where the only remedy would be monetary in nature."  *Hamlyn v. Rock Island Cty. Metro. Mass Transit Dist.*, 960 F. Supp. 160, 163 (C.D. Ill. 1997) (collecting cases).  Virgin Mobile has failed to demonstrate that it will suffer irreparable harm absent the entry of a preliminary injunction and points to no law in support of its contention that uncertainty in forming a business plan constitutes irreparable harm sufficient to support a preliminary injunction.  Virgin Mobile is not at present paying the Lump-Sum or prospective surcharges and continues to offer Lifeline services in Indiana.

---

[1] The parties' agreement announced at the October 20, 2015 hearing appears to have expanded their previous agreement to stay enforcement of Virgin Mobile's alleged obligation to make 911 Fee payments until 15 days after the court's ruling as to obligations under section 11(e)(1) and 10 days after the court's ruling as to obligations under section 11(e)(2) as argued in the Motion for Preliminary Injunction.  [*See* Stipulation and Agreement at Dkt. No. 19-1, approved by Dkt. No. 21 (indicating the parties' standstill agreement and providing a timeline for Virgin Mobile to remit fees should the court deny the motion for preliminary injunction).]

In addition to the fact that any possible irreparable harm has been mitigated by the parties' standstill agreement, two intervening developments suggest that we should not rush to judgment.  First, on March 21, 2016, Indiana's Governor signed Senate Bill 213 into law, which revises the 911 Fund Law.  Based on our review of Senate Bill 213, it appears that the amendments to Section 36-8-16.1-11 may eliminate or significantly narrow the issues in dispute, including the elimination of the "Lump-sum charge" and the "top up" charges.  It is unclear whether the Indiana Statewide 911 Board will seek payment of these fees in light of the amendments.  In their supplemental briefing filed prior to adoption of the amendments to the 911 Fee Law, the parties alluded to the ways the proposed bill might possibly impact their current dispute.  [Dkt. No. 57 at 4 (Defendants argue that Senate Bill 213 would clarify the definition of "retail transaction" to exclude Lifeline-subsidized transactions so that they would only be subject to the Section 11(e)(2) monthly fee and would repeal the Lump-sum charge entirely); Dkt. No. 58 at 2, 5-6 (Virgin Mobile argues that Senate Bill 213 is not yet law and, if enacted, would remove only the Lump Sum payment obligation under Section 11(e)(1), but would still contain the defects as to prospective charges).]  We believe the parties should have a full opportunity to explicate their legal positions under the current law before a decision is entered.

We note as well the pendency of a companion case pending before Judge Lawrence of our court.  On July 30, 2015, the Indiana Statewide 911 Board filed a Complaint in the Marion Superior Court against Virgin Mobile and certain other telephone carriers [*Indiana Statewide 911 Board v. Virgin Mobile USA, L.P., et al.*, Cause No. 42D02-15-07-PL-025306], which case was removed to this court on August 31, 2015.  In this litigation,

[Case No. 1:15-cv-1376-WTL-TAB, Dkt. No. 1], the Indiana Statewide 911 Board seeks past-due 911 Fund charges allegedly owed to the Indiana Department of State Revenue for each of Defendant's Lifeline customers ("Collection Case").  [Collection Case, Dkt. No. 1.]  We can't be sure, but to us it appears to have all the markings of a counterclaim to our case.

Indeed, the docket reflects that on September 28, 2015, Virgin Mobile filed a Motion to Dismiss the Collection Case on the grounds that the "scope of [the Collection] case is a part of a case already pending" and, as such, the 911 Board's claims are compulsory counterclaims.  [Collection Case, Dkt. No. 40 at 2.]  Although the 911 Board disputes that its Collection Case claims constitute compulsory counterclaims in the action pending before us, it has consented to Judge Lawrence's resolving Virgin Mobile's Motion to Dismiss before we rule on the merits of Virgin Mobile's injunction request.  [Dkt. No. 57 at 11.]

Contending that "both cases hinge on the Court's determination of the scope and the liability imposed by section 11(a)," to wit, the definition of "retail transaction," Virgin Mobile inveighs against separate determinations being handed down in our case and the Collection Case on the grounds that it "would frustrate the purpose of Rule 13(a) and result in multiplicity of actions with potentially conflicting outcomes."  [*See* Dkt. No. 54 at 13-17 ("The court in the Collection Action will necessarily be required to decide whether the provision of Lifeline services to consumers at no cost is a 'retail transaction' in order to determine whether Virgin Mobile is liable for the 911 Fees the Board seeks to collect.").]  We will leave to Judge Lawrence the motion pending before him, but, as we stated in the

6

October 20, 2015 hearing, it would clearly be premature and perhaps even wasteful for us to enter an injunction here where all of the claims and necessary parties may not have even been included and the parties agree that our case is likely to be impacted to some extent by Judge Lawrence's decision.

The parties have stipulated that the court should treat the preliminary injunction motion as a trial on the merits pursuant to Federal Rule of Civil Procedure 65(a)(2). [*See* Tr. at 11-12; Dkt. No. 54 at 1, n.1.]. At the hearing, the court reminded the parties that despite their stipulation, they must file a notice with the court and specifically make that request in writing. [Tr. at 80-81.] Thus, we will reserve a decision on whether to consolidate the preliminary injunction with a trial on the merits until the matter is properly before us. [*Id.* at 89-90.] Although the Defendants originally argued that the Motion for Preliminary Injunction could be converted to a trial on the merits, Defendants have since delayed their concurrence until Judge Lawrence issues a ruling on the pending motion to dismiss. [Dkt. No. 57 at 11.][2]

The Motion for Preliminary Injunction is thus DENIED WITHOUT PREJUDICE based on Virgin Mobile's failure to demonstrate a risk of irreparable harm and recent changes in the statute at issue. On March 10, 2016, Virgin Mobile filed an Unopposed Motion for Status Conference. [Dkt. No. 59.] That Motion is GRANTED. We have

---

[2] Defendants argue that because the parties have maintained a standstill agreement for several months, no one will be prejudiced by whatever reasonable period of additional delay results while Judge Lawrence's decision is under advisement on Virgin Mobile's Motion to Dismiss in the case pending before him. [Dkt. No. 57 at 11-12.]

directed the Magistrate Judge to set the matter for a status conference, which will be

scheduled by separate order.

Date:   3/24/2016

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

8

Distribution:

Clayton C. Miller
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
cmiller@bamberger.com

Lara K. Langeneckert
INDIANA ATTORNEY GENERAL
lara.langeneckert@atg.in.gov

Catherine E. James
KELLEY DRYE & WARREN LLP
cjames@kelleydrye.com

Henry T. Kelly
KELLEY DRYE & WARRENT LLP
hkelly@kelleydrye.com

Anne E. Becker
LEWIS & KAPPES PC
abecker@lewis-kappes.com

Manuel  Herceg
LEWIS & KAPPES PC
mherceg@lewis-kappes.com

Richard Emerson Aikman, Jr.
LEWIS & KAPPES PC
raikman@lewis-kappes.com

Thomas M. Fisher
OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov