UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VIRGIN MOBILE USA, L.P., <br><br> Plaintiff and Counter-Defendant <br><br> vs. <br><br> MEMBERS OF THE INDIANA STATEWIDE 911 BOARD IN THEIR OFFICIAL CAPACITIES, <br><br> Defendant and Counter-Plaintiff <br><br> ——————————————— <br><br> MEMBERS OF THE INDIANA STATEWIDE 911 BOARD IN THEIR OFFICIAL CAPACITIES, <br><br> Plaintiff, <br><br> vs. <br><br> TRACFONE WIRELESS, INC., I-WIRELESS, LLC, AND BUDGET PREPAY, <br><br> Defendants. | Case No. 1:15-cv-1105-SEB-DKL |

## **FIRST AMENDED COMPLAINT**

COMES NOW, the Indiana Statewide 911 Board (hereafter, "the Board" or "Plaintiff") and brings this first amended complaint under Fed. R. Civ. P. 15(a)(2) and Local Rule 15-1 against the defendants Virgin Mobile USA, L.P. (hereafter, "Virgin Mobile"), TracFone Wireless, Inc. (hereafter, "TracFone"), I-Wireless, LLC (hereafter "I-Wireless"), and Budget Prepay, Inc. (hereafter, "Budget Prepay") (hereafter, collectively, "Defendants"). The Board supports its claims as follows:

1

## SUMMARY OF THE CASE

1. This consolidated case includes the Board's collection action seeking an accounting, a declaratory judgment, and damages in the form of past-due and ongoing charges to the Board and the Indiana Department of State Revenue (hereafter, "Department") under Indiana Code chapters 36-8-16.5 and -16.6 for deposit into the statewide 911 fund (hereafter, "the 911 Fund").

2. As providers of prepaid wireless telecommunications services prior to July 1, 2015, including Lifeline wireless service ("Lifeline"), Defendants were obligated to collect and remit to the Department, for deposit into the 911 Fund, enhanced prepaid wireless charges (hereafter, "911 Fee") in order to fund the uniform statewide 911 system (hereafter, "911 System"). When first established, the 911 Fee was equal to twenty-five cents ($0.25) for each retail transaction. The 911 Fee was increased to fifty cents ($0.50) for transactions between July 1, 2013 and June 30, 2015.

3. In addition, as providers designated by the Indiana Utility Regulatory Commission (hereafter, the "IURC") as eligible telecommunications carriers ("ETCs") for purposes of receiving payment from the Universal Service Fund, Defendants have been directly liable since July 1, 2015 for all 911 Fees in connection with their provision of Lifeline service. That fee is $1.00 per Lifeline customer per month.

4. The Universal Service Fund was established by the federal government and is funded by non-governmental users of the telecommunications system in the United States to subsidize services such as Lifeline.

5. Lifeline is a federal government benefit program designed to provide discounts on monthly telephone service for eligible low-income subscribers to help

ensure they can connect to the nation's communications networks in order to, among other things, call for help in an emergency.

6. Before a provider is declared eligible to receive payment from the Universal Service Fund for its provision of Lifeline service, the provider must demonstrate that the Lifeline service it will provide includes access to 911.

7. Each of the IURC orders granting the Defendants' respective ETC applications includes an obligation "to pay applicable fees, such as" the 911 Fee.[1]

8. Defendants have failed and refused to pay the Department the 911 Fees as required by law for the Lifeline service that they provide to customers in Indiana despite having collectively received in excess of $70 million in payments from the Universal Service Fund for providing that same service prior to July 1, 2015, and continue to collectively receive more than $1 million each month for the provision of the same service since July 1, 2015.

**PARTIES**

8. The Board is a body corporate and politic (sometimes termed a "quasi-state government agency") established by Indiana Code §36-8-16.7-24 to oversee the statewide 911 System, which the Indiana General Assembly has determined to be an essential government function.

9. Defendant Virgin Mobile is a limited partnership organized under the laws of the state of Delaware with its principal place of business in Overland Park, Kansas.

---

[1] Typical is the language from Virgin Mobile's IURC order, issued on November 10, 2010 in Cause No. 41052 ETC-55: "Virgin Mobile shall continue to pay applicable fees, such as … the wireless emergency enhanced 911 fee pursuant to IC 36-8-16.5-30.5 and any other applicable fees." *See also* IURC orders in Cause Nos. 41052 ETC-54 (TracFone, issued June 29, 2011): 41052 ETC-56 (I-Wireless, issued August 3, 2011); and 41052 ETC-63 (Budge Prepay, issued September 26, 2012).

Virgin Mobile's registered office and agent in Indiana is: Corporation Service Company, 251 E. Ohio Street, Suite 500, Indianapolis, Indiana 46204.

10. Defendant TracFone is incorporated in the state of Delaware with its principal place of business in Miami, Florida. TracFone's registered office and agent in Indiana is: Corporate Creations Network Inc., 105 E. Jefferson Blvd, #800, South Bend, Indiana 46601.

11. Defendant I-Wireless is incorporated in the state of North Carolina with its principal place of business in Newport, Kentucky. I-Wireless' registered office and agent in Indiana is: Incorp Services Inc., 120 E. Market Street, Suite 808, Indianapolis, Indiana 46204.

12. Defendant Budget Prepay is incorporated in the state of Louisiana with its principal place of business in Bossier City, Louisiana. Budget Prepay's registered office and agent in Indiana is: National Registered Agents, Inc., 150 West Market Street, Suite 800, Indianapolis, Indiana 46204.

## JURISDICTION AND VENUE

13. The part of this consolidated action that was originally filed by the Board in Indiana state court was removed to this Court based upon diversity jurisdiction. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) and § 1441, being that this action is between citizens of different states and the amount of controversy exceeds $75,000.00, exclusive of interest and costs, as described in paragraphs 21 and 22, below.

14. Further, venue is proper in this Court, pursuant to 28 U.S.C. § 1391, as each Defendant has been designated by the IURC as an ETC, Defendants have provided Lifeline wireless service to customers in Indiana, and the Board originally

initiated its claims in this consolidated action in Marion County, Indiana, which is located in this district. Accordingly, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

15. The Indiana General Assembly has established in this state the 911 System.

16. In order to fund the 911 System, the Indiana General Assembly has further established the 911 Fund.

17. Defendants are providers of prepaid wireless telecommunications services and are designated by the IURC as ETCs for purposes of the Lifeline wireless service program.

## **COUNT I**

18. The Board incorporates by reference, as if fully restated herein, paragraphs 1 through 17 of its Amended Complaint.

19. Upon information and belief, Defendants have submitted payment requests and received payments from the Universal Service Fund in the following amounts, through June 30, 2015, for Lifeline wireless service to Indiana customers:

      a. Virgin Mobile:       $37,924,009;

      b. TracFone:       $11,654,753;

      c. I-Wireless:       $10,907,983;

      d. Budget Prepay:       $9,681,629.

20. The 911 Fees owed but not paid through June 30, 2015 by each Defendant based on their provision of Lifeline service are estimated to be:

      a. Virgin Mobile:       $1,778,516;

      b. TracFone:           $622,442;

      c. I-Wireless:          $571,182;

      d. Budget Prepay:    $523,331.

21. The estimated total for 911 Fees associated with the Defendants' Lifeline wireless service through June 30, 2015 is $3,495,471, none of which has been paid to the Department.

22. Pursuant to Indiana Code § 36-8-16.5-30.5 and its successor statute, § 36-8-16.6-13, as providers of prepaid wireless telecommunications services, Defendants were obligated to remit the 911 Fees to the Department for deposit into the 911 Fund.

23. In addition, pursuant to Indiana Code § 36-8-16.6-11, as providers designated by the IURC as ETCs for purposes of receiving payment from the Universal Service Fund, Defendants were liable for the 911 Fees associated with their provision of Lifeline service as ETCs through June 30, 2015.

24. Despite collecting some $70 million through June, 2015 from the Universal Service Fund, Defendants have refused to remit and pay the Department nearly $3.5 million dollars in 911 Fees owed as required by law.

25. In order to confirm the amount owed by each of the Defendants to the Department, each Defendant should be required to make an accounting of all Lifeline service provided by such Defendant in the state of Indiana, including the number of Lifeline customers in each month, as well as any other information required to determine the amount owed by Defendants to the Department.

26. Defendants should be required to pay all past due amounts owed to the Department for deposit in the 911 Fund, plus applicable statutory interest and any penalties and fees assessed pursuant to the Department's guidelines.

## COUNT II

27. The Board incorporates by reference, as if fully restated herein, paragraphs 1 through 27 of its Amended Complaint.

28. Since July 1, 2015, when an amended version of Ind. Code § 36-8-16.6-11 took effect, the 911 Fee imposed against wireless service providers in Indiana increased to $1.00 for each Lifeline customer. Section 11 was amended in both 2015 and 2016. The 2016 amendment did not reduce the amounts sought from the Count II Defendants' in this Amended Complaint.

29. Since July 1, 2015, Defendants have continued to receive payment from the Universal Service Fund in exchange for providing Lifeline service to Indiana residents.

30. Despite continuing to receive payments from the Universal Service Fund each month, Defendants have failed to pay the 911 Fee to the Department.

31. Pursuant to Ind. Code § 36-8-16.7-27(a)(1), among the powers expressly granted by the legislature to the Board is the power to sue. Ind. Code § 36-8-16.6-21 specifically authorizes the Board to initiate a collection action for unpaid 911 fees. That statute also provides that a court finding for the Board "may award reasonable costs and attorney's fees associated with the collection action."

32. Since July 1, 2015, Defendants' Lifeline consumers have continued to have access to vital 911 services within the state of Indiana, yet because Defendants

have refused to remit the 911 Fee to the Department, the 911 Fund has been underfunded at the expense of other consumers of telecommunications services in Indiana.

33.     Defendants Tracfone Wireless, LLC, I-Wireless, LLC, and Budget Prepay, Inc., have improperly refused to pay the 911 Fee since July 1, 2015.

34.     Defendant Virgin Mobile has also refused to pay the 911 Fee since July 1, 2015.  Virgin Mobile's challenge to the application of provisions of amended Ind. Code § 36-8-16.6-11 is part of this consolidated action.  The Board has raised comparable counterclaims against Virgin Mobile in response to Virgin Mobile's Amended Complaint.

35.     The refusal to pay by the Defendants constitutes a breach of their statutory obligations and their obligations under their respective IURC orders as eligible telecommunications carriers, which required each Defendant "to pay applicable fees," such as "the 911 Fee."

36.     Defendants should be required to pay all past due amounts, from July 1, 2015 to the conclusion of this Action, plus applicable statutory interest and any penalties and fees assessed pursuant to the Department's guidelines.

37.     Further, each Defendant should be required to make an accounting of all Lifeline service provided by such Defendant in the state of Indiana, including the number of Lifeline customers in each month since July 1, 2015, as well as any other information required to determine the amount owed by Defendants to the Department.

38.     The Board has been damaged as a result of the Defendants' refusal to pay the statutorily-required 911 Fee.  Accordingly, the Board is entitled to judgment in its favor against each Defendant, as more fully described in its request for relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, the Indiana Statewide 911 Board requests that this Court:

1. order an accounting from each Defendant;

2. enter judgment against each Defendant of all past due amounts owed to the Department for Lifeline services rendered through June 30, 2015, plus any applicable statutory interest, penalties and fees;

3. enter judgment against each Defendant of all amounts due and owing since July 1, 2015, plus any applicable statutory interest, penalties and fees;

4. enter a declaratory judgment against the Defendants for future amounts due under amended Ind. Code § 36-8-16.6-11;

5. enter judgment against each Defendant for the Board's attorneys' fees and costs in this case; and

6. for all other relief just and proper in the premises.

Respectfully Submitted,

/s Clayton C. Miller
Clayton C. Miller   #17466-49
Michael J. Cork   # 11760-49
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
201 N. Illinois Street, Suite 1225
Indianapolis, IN 46204

Terry G. Farmer   #8243-82
Daniel R. Robinson, Jr.   #27309-82
BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
20 NW 4th Street, 7th Floor
PO Box 657
Evansville, IN 47704

ATTORNEYS FOR PLAINTIFF,
INDIANA STATEWIDE 911 BOARD